FILED

AUG 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO VALENCIA CHAVEZ;
NORMA SYLVIA VALENCIA,

Petitioners,

v.

ERIC H. HOLDER, Attorney General,

Respondent.

No. 08-71934

Agency Nos. A070-913-944
A070-913-945

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:     O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Armando Valencia Chavez and Norma Sylvia Valencia, natives and citizens

of Mexico, petition for review of the Board of Immigration Appeals' order

summarily affirming an immigration judge's ("IJ") decision denying their

applications for cancellation of removal for failure to prosecute. We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we review for abuse of discretion the pretermission of an application for cancellation of removal for failure to comply with fingerprinting regulations. *See Cui v. Mukasey*, 538 F.3d 1289, 1291-92 (9th Cir. 2008). We deny the petition for review.

The IJ did not abuse his discretion by pretermitting petitioners' application for cancellation of removal, where petitioners failed to comply with the requirements to provide their fingerprints within the time authorized by the IJ. *See* 8 C.F.R. § 1003.47(c). The IJ instructed petitioners in both oral and written format to submit themselves for fingerprinting, informed them of the consequences of a failure to do so, and had already granted one continuance due to their misunderstanding of fingerprint regulations, yet ten months later petitioners could not provide a reasonable explanation for their failure to comply with the fingerprinting requirement. Accordingly, the petitioners have not established that their failure to comply was a result of good cause. *See id.*; *cf. Cui*, 538 F.3d at 1293-9. Petitioners' due process contention fails as well. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring agency error for a petitioner to establish a violation of due process).

**PETITION FOR REVIEW DENIED**.